## A. L. JARNIGAN *v.* THE STATE.

1. ASSAULT.—The intention and the ability to commit a battery must be shown, before an assault of any kind can be made out.

2. SAME.—Any unlawful violence upon the person of another, whatever the degree or means, with intent to injure, is an assault and battery.

3. SAME—DEFINED.—Any attempt to commit a battery, or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with an ability, to commit a battery, is an assault. Words, of themselves, will not amount to an assault.

4. SAME—PRESUMPTION OF INTENT.—Where an injury is caused by violence, the intent to injure is presumed; and it rests with him inflicting the injury to show the accident or the innocent intent. The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion.

5. SAME—STATUTORY CLAUSE CONSTRUED.—By the clause, "coupled with an ability to commit," as used in art. 475, is meant (1) that the person committing the assault must be in such position that, if not prevented, he may inflict a battery upon the person assailed; (2) that he must be in such distance of the person assailed as to be able to commit a battery by the use of the means with which he attempts it.

6. CHARGE OF THE COURT.—The defendant asked the court to charge the jury (1) "that a mere attempt to commit a battery, not coupled with the present ability, is not sufficient to establish an assault, no matter how threatening the gestures or how furious the words used;" and (2) "that, in order to effect the legal injury indictable as an assault, the assailant must have the ability to commit a battery by physical violence on the person with the means used; and, in this case, if you believe from the evidence that the defendant did not attempt to use violence on the persons of the parties charged to have been assaulted, or if you believe from the evidence that he was not close enough to them to have committed a battery by physical violence on their persons by the means used, you must acquit." *Held,* that these charges properly embodied the law as laid down in art. 482 of the Penal Code, and, being peculiarly applicable to the facts, should have been given by the court.

Appeal from the County Court of Coryell. Tried below before the Hon. S. B. Raby, County Judge.

Appellant and Tim C. Chambers were charged by information with the commission of an aggravated assault upon the persons of Louisa, Julia, and Willie Fore, females, on the twenty-ninth day of February, 1879. Appellant, being tried alone, was found guilty, and his punishment assessed at a fine of $200.

The evidence shows that the persons alleged to have been assaulted were an old lady and her two daughters, living alone in the town of Gatesville. On the night of the 29th of February, 1879, they had returned home from a temperance lecture, and had retired, when they heard two men, in front of the house, talking and behaving as though drunk. One of the daughters went to the window to look out, and when one of the men hallooed, suggested that the dog should be turned loose to drive them away; which, however, was not done. The men presently came up to the gate and called for water, and were directed by the old lady to seek for it at a house across the way. The men first refused, but one of them finally started across the street, stating to the old lady that if she fooled them they would come back.

The man proceeded but a short distance when he returned, and the two, taking hold of the door-knob, shook it and demanded admission, stating that they had four or five girls with them. The ladies escaped through a back door to a neighboring house, in their night-clothes, and sent the proprietor over to see about the disturbance, who presently returned, telling the ladies to go back home, — that it was no one but appellant and Tim Chambers. The ladies refused to go back alone, and the gentleman and his wife consented to return with them. Chambers was found in the house, asleep before the fire-place. The gentleman aroused him, and took him out, when he went off up town.

It was in evidence that the appellant was a quiet, peaceable man when "tight."

*Thomas Rock*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Ector, P. J. An information was filed in the County Court of Coryell County, by the county attorney, charging the appellant and one Tim C. Chambers with an aggravated assault, under art. 488, subdiv. 5, of the Criminal Code. The appellant, Jarnigan, was alone tried and convicted.

To warrant a conviction for an assault of any kind, there must be a showing both of ability and intention to commit a battery. Art. 475 of the Criminal Code reads as follows, to wit: "The use of any unlawful violence upon the person of another, with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with an ability, to commit a battery, is an assault."

Art. 476. "When an injury is caused by violence to the person, the intent to injure is presumed; and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind."

Art. 482. "By the terms, 'coupled with an ability to commit,' as used in art. 475, is meant, first, that the person making the assault must be in such a position that, if not prevented, he may inflict a battery upon the person assailed; and, second, that he must be within such distance of the person assailed as to make it within his power to commit a battery by the use of the means with which he attempts it." No words can, of themselves, amount to an assault.

It is difficult to draw the precise line which separates violence menaced from violence begun to be executed; for, until the execution of it is begun, there can be no assault. It is sufficient if there be an act done indicating an *intention to commit a battery*, immediately *coupled with the ability to do it.* The court did not charge all the law applicable to the case.

We think the court should have given the first and second charges asked by the appellant. These charges were peculiarly applicable to the facts proved on the trial, and embodied the law as we find it in said art. 482 of the Code.

Because the court refused to give these special instructions, and because no evidence appears in the statement of facts which establishes an assault, the judgment is reversed and the cause remanded.

*Reversed and remanded.*